COPY

FILED
2009 MAY -8 AM 11:44
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY _____

Michael A. Rollin (State Bar No. 251557)
REILLY POZNER LLP
10833 Wilshire Boulevard, Unit 604
Los Angeles, California 90024
Telephone: (310) 425-0922
Facsimile: (303) 893-6110
mrollin@rplaw.com

Daniel M. Reilly (To Be Filed)
Mark T. Bailey (To Be Filed)
REILLY POZNER LLP
511 Sixteenth Street, Suite 700
Denver, Colorado 80202
dreilly@rplaw.com
mbailey@rplaw.com

Attorneys for Plaintiff LEHMAN
BROTHERS HOLDINGS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA—WESTERN DIVISION

FAXED

| | |
|---|---|
| LEHMAN BROTHERS HOLDINGS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> INTER MOUNTAIN MORTGAGE, <br><br> Defendant. | CASE NO. _____ <br><br> CV09-3255 MRP (CTx) <br><br> COMPLAINT |

Plaintiff Lehman Brothers Holdings, Inc. ("LBHI") invokes this court's jurisdiction pursuant to 28 U.S.C. § 1332 given the complete diversity of citizenship between the plaintiff and defendant. LBHI, by and through its undersigned attorneys, and for its causes of action against Defendant INTER MOUNTAIN MORTGAGE ("INTER MOUNTAIN"), states and alleges as follows:

## NATURE OF ACTION

1. From 2006 until 2007, Lehman Brothers Bank, FSB ("LBB," and collectively with LBHI, "Lehman") purchased mortgage loans from INTER MOUNTAIN pursuant to a series of written contracts. LBB subsequently assigned its rights under those contracts to LBHI. With respect to certain of these mortgage loans, INTER MOUNTAIN breached representations, warranties and covenants and other provisions of the contracts. By this action, LBHI seeks to: (a) compel INTER MOUNTAIN, pursuant to the terms of the contracts, to repurchase mortgage loans that Lehman purchased and (b) recover money damages where repurchase is not a viable option or does not offer complete relief for injuries that have been sustained.

## PARTIES

2. LBHI is a Delaware corporation with its principal place of business in New York.

3. INTER MOUNTAIN is a California corporation with its principal place of business in Pomona, California.

## JURISDICTION AND VENUE

4. This Court has jurisdiction under 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff LBHI and Defendant INTER MOUNTAIN, and the amount in controversy exceeds $75,000, exclusive of interests and costs.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because INTER MOUNTAIN resides in Pomona, Los Angeles County, California.

## FACTUAL ALLEGATIONS

6. Lehman engages in the purchase and sale of mortgage loans.

7. INTER MOUNTAIN engages in mortgage lending, as well as

the sale of mortgage loans in the secondary market to investors such as Lehman.

8. INTER MOUNTAIN entered into several written Loan Purchase Agreements with LBB, including the Loan Purchase Agreement (Servicing Released Transactions) dated May 14, 2004 (the "Agreement"). The Agreements specifically incorporate the terms and conditions of the Seller's Guide of Lehman's agent Aurora Loan Services LLC ("Aurora"), which sets forth additional duties and obligations of INTER MOUNTAIN.

9. Each of the Agreements and the Seller's Guide sets forth the duties and obligations of the parties with respect to the purchase and sale of mortgage loans, including but not limited to purchase price, delivery and conveyance of the mortgage loans and mortgage loan documents, examination of mortgage loan files and underwriting, representations and warranties concerning the parties and individual mortgage loans purchased or sold, and remedies for breach.

10. INTER MOUNTAIN sold a number of mortgage loans to Lehman under the Agreements and Seller's Guide, including the loans numbered 1 through 8 on **Exhibit A**, attached hereto and incorporated by reference herein.

11. Subsequent to such sales, LBB assigned all of its rights and remedies under the Agreements and Seller's Guide to LBHI.

**Representations, Warranties and Covenants**

12. With respect to each of the loans sold to Lehman under the Agreements and Seller's Guide, INTER MOUNTAIN made a number of representations, warranties and covenants concerning the mortgage loans including with respect to, without limitation:

(a) the validity of all mortgage loan documentation;

  (b) the accuracy and integrity of all information and documentation regarding borrower identity, income, employment, credit, assets, and liabilities used in making the decision to originate the mortgage loans;

  (c) occupancy by the borrower of the property securing the mortgage loan;

  (d) the ownership, nature, condition, and value of the real property securing the respective mortgage loans; and

  (e) the conformance of the mortgage loans with applicable underwriting guidelines and loan program requirements.

 13. INTER MOUNTAIN also represented and/or warranted that no error, omission, misrepresentation, negligence, fraud, or similar occurrence took place with respect to the mortgage loans by any person involved in the origination of the mortgage loans, and that no predatory or deceptive lending practices were used in the origination of the mortgage loans.

 14. With respect to itself, INTER MOUNTAIN represented and/or warranted that it has the ability to perform its obligations under, and satisfy all requirements of, the Agreements and Seller's Guide.

 15. With respect to certain mortgage loans purchased from INTER MOUNTAIN, Lehman discovered material problems with those loans and that INTER MOUNTAIN had breached representations, warranties and/or covenants under the Agreements and Seller's Guide concerning the mortgage loans, including but not limited to those set forth in paragraphs 12 and 13 above.

 16. More specifically, with respect to loans numbered 2 and 6 on **Exhibit A**, attached hereto and incorporated by reference herein, INTER MOUNTAIN breached one or more of the representations,

4

warranties and/or covenants under the Agreements and Seller's Guide.

17. LBHI, through its agent, provided INTER MOUNTAIN with written notice concerning INTER MOUNTAIN's various breaches of the representations and warranties with respect to the loans referenced in paragraph 16 above.

18. The Agreements and Seller's Guide provide that in the event of a breach of the representations, warranties, and/or covenants, LBHI or its agent may demand that INTER MOUNTAIN repurchase the loans and INTER MOUNTAIN shall repurchase the loans at a certain repurchase price. LBHI, through its agent, has demanded that INTER MOUNTAIN repurchase the mortgage loans referenced in paragraph 16 above at the specified repurchase price.

19. INTER MOUNTAIN has refused, and continues to refuse, to repurchase the mortgage loans or otherwise comply with its obligations under the Agreements and Seller's Guide with respect to the loans referenced in paragraph 16 above.

### Early Payment Defaults

20. The Agreements and Seller's Guide further specify that LBHI or its agent may demand that INTER MOUNTAIN repurchase, and that INTER MOUNTAIN shall repurchase, mortgage loans that become Early Payment Defaults.

21. A loan becomes an Early Payment Default under the Agreements and Seller's Guide in one of two ways. For loans prior-approved by the purchaser, the loan becomes an Early Payment Default if the borrower fails to make the first monthly payment due within 30 days of the payment's due date. For loans purchased pursuant to the seller's delegated underwriting authority, eligible for delegated underwriting, or purchased in bulk transactions, the loan becomes an

321805

Early Payment Default if the borrower fails to make the first or second monthly payment due within 30 days of each such monthly payment's respective due date. INTER MOUNTAIN received delegated underwriting authority before it sold the loans in question.

22. Certain loans that Lehman purchased from INTER MOUNTAIN became Early Payment Defaults. More specifically, with respect to the loans numbered 1, 3-5, 7, and 8 on **Exhibit A**, attached hereto and incorporated by reference herein, the borrower failed to make the first and/or second payment within 30 days of the due dates for those payments.

23. LBHI, through its agent, provided INTER MOUNTAIN with written notice concerning the fact that the loans referenced in paragraph 22 above became Early Payment Defaults and demanded that INTER MOUNTAIN repurchase those mortgage loans.

24. INTER MOUNTAIN has refused, and continues to refuse, to repurchase the mortgage loans or otherwise comply with its obligations under the Agreements and Seller's Guide with respect to the loans referenced in paragraph 22 above.

## FIRST CLAIM FOR RELIEF

(Breach of Contract – Damages)

25. LHBI hereby repeats and realleges the above allegations of this Complaint as if fully set forth herein.

26. Each of the Agreements and Seller's Guide is a valid and enforceable contract that is binding upon INTER MOUNTAIN.

27. Lehman, Lehman's agents and any and all assignees of Lehman's rights have substantially performed all of their obligations under the Agreements and Seller's Guide.

28. As set forth herein, INTER MOUNTAIN has breached the

respective Agreements and Seller's Guide by (a) breaching the representations, warranties, and/or covenants, (b) refusing or otherwise failing to repurchase the mortgage loans affected by the breached representations, warranties, and/or covenants, and/or refusing to indemnify Lehman, (c) refusing or otherwise failing to repurchase the mortgage loans that have become Early Payment Defaults, (d) refusing or otherwise failing to repurchase the mortgage loans that have become Early Payment Defaults.

29. With regard to the mortgage loans that INTER MOUNTAIN has failed to repurchase and/or indemnify, INTER MOUNTAIN's breaches of the Agreements and Seller's Guide resulted in actual and consequential damages in an amount to be proven at trial.

## SECOND CLAIM FOR RELIEF

(Breach of Contract – Specific Performance)

30. LBHI hereby repeats and realleges the above allegations of this Complaint as if fully set forth herein.

31. In the alternative, LBHI seeks specific performance.

32. Each of the Agreements and Seller's Guide constitute a valid and enforceable contract that is binding upon INTER MOUNTAIN.

33. The contractual repurchase provisions are definite.

34. The Agreements and Seller's Guide are just and reasonable.

35. Lehman, Lehman's agents and any and all assignees of Lehman's rights have substantially performed all of their obligations under the Agreements and Seller's Guide.

36. As set forth herein, INTER MOUNTAIN has breached the respective Agreements and Seller's Guide by (a) breaching the representations, warranties, and/or covenants, (b) refusing or otherwise failing to repurchase the mortgage loans affected by the breached

7

representations, warranties, and/or covenants, and (c) refusing or otherwise failing to repurchase the mortgage loans that have become Early Payment Defaults.

37. Due to the unique and specific nature of mortgage loans intended for securitization and the real property securing the mortgage loans, LBHI has no adequate remedy at law for redress of INTER MOUNTAIN's breaches of the representations and/or warranties and its obligation to repurchase loans that have become Early Payment Defaults.

38. LBHI is therefore entitled to an Order of this Court requiring specific performance by INTER MOUNTAIN of its repurchase obligations under the Agreements and Seller's Guide.

### THIRD CLAIM FOR RELIEF

(Breach of Express Warranty)

39. LBHI hereby repeats and realleges the above allegations of this Complaint as if fully set forth herein.

40. The Agreements and the Seller's Guide constitute valid and enforceable contracts that are binding upon INTER MOUNTAIN.

41. With regard to each of the mortgage loans sold to Lehman under the Agreements and Seller's Guide, INTER MOUNTAIN made a number of express warranties with respect to material facts concerning the loans as set forth in paragraphs 12 and 13 above.

42. The express warranties contained in the Agreements and Seller's Guide were part of the basis of the bargain between Lehman and INTER MOUNTAIN.

43. INTER MOUNTAIN breached such express warranties for those loans numbered 2 and 6 on **Exhibit A**, attached hereto and incorporated by reference herein.

44. LBHI, through its agent, provided INTER MOUNTAIN with timely written notice concerning INTER MOUNTAIN's breaches of the express warranties.

45. INTER MOUNTAIN refused or failed to take adequate steps to remedy or to compensate Lehman for INTER MOUNTAIN's breaches of the express warranties.

## PRAYER FOR RELIEF

WHEREFORE, LBHI respectfully requests that this Court enter judgment in their favor and against INTER MOUNTAIN, as follows:

(a) For all damages arising from or relating to INTER MOUNTAIN's breaches of contract and express warranty, in an amount to be proved at trial;

(b) For a decree of specific performance requiring INTER MOUNTAIN to immediately repurchase all of the mortgage loans identified in **Exhibit A** pursuant to the Agreement and Seller's Guide;

(c) For an Order of this Court declaring that:

    (i) INTER MOUNTAIN is required to repurchase immediately from LBHI the mortgage loans identified in **Exhibit A**.

    (ii) INTER MOUNTAIN is required to compensate LBHI immediately for all actual and consequential damages resulting from INTER MOUNTAIN's breaches of the representations and/or warranties and Early Payment Default provisions of the Agreements and Seller's Guide.

(d) For recoverable interest;

(e) For the costs and expenses of suit incurred by LBHI herein,

9

1 | including attorneys fees and costs and expert witness fees;
2 | and
3 | (f) For such other relief as this Court deems just and proper.

DATED: May 7, 2009.                    REILLY POZNER LLP

*s/Michael A. Rollin*
Michael A. Rollin
Daniel M. Reilly
Mark T. Bailey
Attorneys for Plaintiff LEHMAN BROTHERS HOLDINGS, INC.

|   | Loan No. | Borrower | Claim Reason |
|---|---|---|---|
| 1 | ******0872 | GALENO | FIRST PAYMENT DEFAULT |
| 2 | ******1303 | GRANT | MISREP - OCCUPANCY |
| 3 | ******4026 | LUCERO | FIRST PAYMENT DEFAULT |
| 4 | ******3266 | RUBIO | EARLY PAYMENT DEFAULT |
| 5 | ******2461 | OREGEL | FIRST PAYMENT DEFAULT |
| 6 | ******0169 | MARIN | MISREP - EMPLOY |
| 7 | ******0765 | GALENO | FIRST PAYMENT DEFAULT |
| 8 | ******8065 | SOLORZANO | EARLY PAYMENT DEFAULT |

Exhibit A

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Mariana P. Pfaelzer and the assigned discovery Magistrate Judge is Carolyn Turchin.

The case number on all documents filed with the Court should read as follows:

**CV09- 3255 MRP (CTx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

The United States District Judge assigned to this case will review all filed discovery motions and thereafter, on a case-by-case or motion-by-motion basis, may refer discovery related motions to the Magistrate Judge for hearing and determination

===================================================
**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] Western Division<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] Southern Division<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] Eastern Division<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)   NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY



## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
LEHMAN BROTHERS HOLDINGS, INC.

**DEFENDANTS**
INTER MOUNTAIN MORTGAGE

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Michael A. Rollin (SBN 251557) REILLY POZNER LLP
10833 Wilshire Blvd., Unit 604, Los Angeles, CA 90024
(310) 425-0922

**Attorneys** (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No       ☐ **MONEY DEMANDED IN COMPLAINT:** $_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE/PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Accommodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☒ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

CV09-3255

FOR OFFICE USE ONLY: Case Number: _____
AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                              CIVIL COVER SHEET                              Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                              ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                              ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                              ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | New York County |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles |  |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles |  |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____ Date May 7, 2009

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |



Michael A. Rollin (SBN 251557)
Reilly Pozner LLP
10833 Wilshire Boulevard, Unit 604
Los Angeles, CA 90024
Telephone (310) 425-0922
Telephone (303) 893-6100

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| LEHMAN BROTHERS HOLDINGS, INC. | CASE NUMBER |
|---|---|
| PLAINTIFF(S) | CV09-3255 MRP (CTx) |
| v. | |
| INTER MOUNTAIN MORTGAGE | SUMMONS |
| DEFENDANT(S). | |

TO:   DEFENDANT(S): <u>INTER MOUNTAIN MORTGAGE</u>

A lawsuit has been filed against you.

Within __20__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, <u>Michael A. Rollin</u>, whose address is <u>511 Sixteenth Street, Suite 700, Denver, Colorado 80202</u>. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: MAY - 8 2009

By: /s/ Natalie Hengenia
        Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*